IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

YISEL MENDOZA TABARES,

    Petitioner,

v.                                            No. 2:26-cv-00283-MLG-KK

KRISTI NOEM, Secretary of the U.S.
Department of Homeland Security; PAMELA
BONDI, Attorney General of the United
States; MARY DE ANDA-YBARRA, Field
Office Director of the El Paso Field Office of
U.S. Immigration and Customs Enforcement,
Enforcement and Removal Operations; and
DORA CASTRO, Warden of the Otero
County Processing Center, in their official
capacities,

    Respondents.

## ORDER TO SHOW CAUSE

Petitioner Yisel Mendoza Tabares, a Cuban citizen, is detained at the Otero County Processing Center in Chaparral, New Mexico. Doc. 1 ¶ 9. She seeks a writ of habeas corpus under 28 U.S.C. § 2241 directing federal immigration authorities to release her from custody, or, in the alternative, to conduct a bond hearing pursuant to 8 U.S.C. § 1226(a). Doc. 1 at 10-11. The Clerk's Office electronically served Mendoza Tabares's Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, on Respondents in accordance with the Standing Order filed January 28, 2026. *See* Standing Order, *In re Service of Process in Immigration Habeas Petitions Filed Pursuant to §§ 2241 et seq.*, No. 1:26-mc-00004 (D.N.M. Jan. 28, 2026); Doc. 2 (indicating electronic service was completed).

The Court orders the Clerk's Office to e-mail a courtesy copy of this Order to the United States Attorney's Office for the District of New Mexico ("USAO") via the Civil Immigration

1

mailbox. Within ten business days of receiving the Order, the USAO must respond to the Petition and show cause why the Court should not grant the requested relief.

Under similar circumstances, this Court has granted requests for individualized bond hearings pursuant to 8 U.S.C. § 1226(a). *See, e.g.*, *Cortez-Gonzalez v. Noem,* No. 2:25-cv-00985-MLG-KK, 2025 WL 3485771, at *3-4, *6 (D.N.M. Dec. 4, 2025); *Gonzalez Ramos v. Dedos,* No. 1:25-cv-00975-MLG-KRS, 2025 WL 3653928, at *2-5 (D.N.M. Dec. 17, 2025); *Diaz-Cruz v. Dedos,* No. 1:25-cv-01117-MLG-JMR, 2025 WL 3628517, at *2 (D.N.M. Dec. 12, 2025). In doing so, the Court joins the "vast majority" of courts that have concluded that § 1226(a)—not § 1225(b)(2)(A)—governs the detention of noncitizens[1] like Mendoza Tabares, who entered the United States in September 2024 and, after being inspected at a port of entry, was granted humanitarian parole and employment authorization. Doc. 1 ¶¶ 17-18, 21; *see, e.g.*, *Bethancourt Soto v. Soto*, No. 25-cv-16200, 2025 WL 2976572, at *7 (D.N.J. Oct. 22, 2025) (emphasis removed) (collecting cases concluding that "§ 1225(b)(2)(A) applies only to noncitizens who are actively, *i.e.*, affirmatively, 'seeking admission' to the United States" and not to noncitizens who have already been residing in the United States).

Any response filed by the USAO must therefore demonstrate why the specific facts or procedural posture of this case warrant a departure from the Court's prior rulings. If Mendoza Tabares wishes to file a reply, she must do so within ten business days of the filing of any response. The Court will determine whether a hearing is necessary once briefing is complete.[2]

---

[1] This order "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020); *see generally* 8 U.S.C. § 1101(a)(3) ("The term 'alien' means any person not a citizen or national of the United States.").

[2] The Court generally does not permit remote appearances, so all interested counsel must appear for hearings in person.

It is so ordered.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA
